FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
Southern Division

97 APR 21  AM 10: 56

U.S. DISTRICT COURT
N.D. OF ALABAMA

GRACE LEWIS,                          )
    Plaintiff(s);                      )
                                       )
-vs.-                                 )          No. CV-96-P-1866-S
                                       )
YOUNG MENS' CHRISTIAN                 )
ASSOCIATION,                          )          **ENTERED**
    Defendant(s).                      )

APR 2 2 1997

## OPINION

The defendant's Motion for Summary Judgment was considered at a prior motion docket. For the following reasons, this motion is due to be granted.

### Facts[1] and Allegations

The plaintiff, Grace Lewis, was employed as an aerobics instructor by the Young Mens' Christian Association ("YMCA"). The plaintiff is over forty years of age. The YMCA requires that each instructor have a current recognized instructor certification to teach classes at its facilities. The YMCA sponsored a certification workshop on August 25-26, 1995. Like the rest of the instructors, Lewis was informed of this workshop and notified that she needed to update her certification. On the first day of the workshop, Lewis delivered a certification card purportedly received form the Aerobics Fitness Association of America ("AFAA") to the YMCA's Senior Physical Director, David Henley. Assuming that her certification had been updated, Henley told Lewis that she did not have to attend the workshop. Lewis attended part of the first day of the workshop. The same day, Henley learned that the AFAA card belonged to someone

---

    1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

else and that Lewis had never been a member of the AFAA. On August 29, 1995 Henley met with Lewis and told her that she was being taken off the aerobics schedule and would be reinstated when she supplied proof of certification. The reasons for her removal were 1) leaving the August 25, 1995 training course early after submitting a false certification and failing to attend the August 26, 1995 training course and 2) submitting an invalid certification. The YMCA has not terminated Lewis but has removed her name from the schedule until she supplies valid certification.

Two other instructors failed to attend the YMCA-sponsored training seminar: Cindy Owens and Cindy Davis. Neither was removed from the schedule immediately because each arranged to attend alternate certification courses. Lewis did not inform the YMCA of any plans to arrange for alternate certification. Owens and Davis were eventually removed from the schedule because they failed to submit proof of certification. Owens submitted a card from the AFAA that the YMCA was unable to validate due to a problem at the AFAA. Davis was unable to attend a certification course because of her regular work schedule. Both were reinstated after they submitted proof of certification. Both are under forty.

The plaintiff filed this lawsuit on July 22, 1996, alleging discharge on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. The basis of the plaintiff's claim is that she was discriminated against on the basis of her age due to the fact that two younger employees were not immediately removed from the aerobics schedule when they failed to attend the August, 1995 certification course, but were instead permitted to teach through the end of 1995, while the plaintiff was removed from the schedule on August 29, 1995.

2

Analysis

To establish a prima facie case of discrimination under the ADEA in the context of discharge or discipline for violation of a work rule, the plaintiff may demonstrate pretext by showing that she did not violate the work rule, that other employees not in the protected class engaged in similar conduct and were not similarly treated, or by presenting other evidence of pretext. *Stewart v. Miller Brewing Co.*, 708 F.2d 655, 656-57 (11th Cir. 1983); *Anderson v. Savage Laboratories, Inc.*, 675 F.2d 1221, 1224 (11th Cir. 1982). If the defendant articulates a nondiscriminatory reason for the termination, the burden then shifts back to the plaintiff to show that the defendant's articulated reason is pretextual. *Anderson*, 675 F.2d at 1224.

Lewis is unable to establish a prima facie case of discrimination under the ADEA because she has introduced no evidence to demonstrate that she was treated differently than any similarly situated employee. Owens and Davis were retained on the aerobics schedule after failing to attend the August, 1995 certification course because they immediately arranged to take another certification course. Lewis did not inform the YMCA that she made any arrangements to take another certification course. Even if Lewis is assumed to have established a prima facie case of discrimination, the YMCA has articulated a legitimate, non-discriminatory reason for taking Lewis' name off the aerobics schedule — she did not arrange to attend another certification course and she knowingly submitted a false certification card. For these reasons, the defendant's Motion for Summary Judgment is due to be granted.

3

Dated: April 2/, 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. John F. Kizer, Jr.
    Ms. Gail C. Washington
    Ms. Fern Singer

4